PER CURIAM.
This appeal is taken by the defendants, Guillermo Pernas, individually and as father, next friend and guardian ad litem of Elena and Elizabeth Pernas, minors, from a declaratory final judgment in favor of the plaintiff, Hartford Accident and In *140 demnity Company, in which the trial court determined that no insurance coverage is available to the defendants.
While riding home from school in a school van, Elena and Elizabeth Pernas were injured in an automobile accident caused by a negligent uninsured motorist. Pursuant to the policy provisions of an insurance policy with Hartford (no. 21GB42S074, infra), the Pernases filed for arbitration of their claim for damages with the American Arbitration Association. Before trial, Hartford filed this suit in Dade County circuit court seeking declaratory relief as to whether the uninsured motorist provision in the policy applied to the Pernas children, and injunctive relief to halt the arbitration proceedings until the court could adjudicate the coverage question.
Hartford wrote the following two policies: Policy 21GB425074 in the name of Continental Enterprises of America, Inc. T/A Magnuflex Rods and Policy 21GB-424970 in the name of North American Enterprises, Inc. d/b/a Campdel Exports. Both corporations are controlled by Guillermo Pernas and Elena, his wife. In both policies the uninsured motorist coverage endorsement was left blank where the “designation of named insured for purposes of this endorsement” should have been filled in. The limits of liability portion of 10 and 20 thousand dollars was filled in and the premium part of $5 INCL and $6 INCL was filled in and the premiums paid. In policy 21GB42S074 in the name of Continental Enterprises of America, Inc., the box on the front sheet is marked “The named insured is: Individual [X].” In policy 21GB424970 in the name of North American Enterprises, Inc. d/b/a Campdel Exports a binder is attached to the policy which states under “Remarks,” “Drivers— Guillermo A. & Elena V. Pernas.” It was stipulated that none of the vehicles in the accident was owned by the named insured in the policy.
The cause came to issue on Hartford’s amended complaint, the Pernas’ amended answer and counterclaim based on both policies and the binder naming Guillermo and Elena Pernas as the drivers, the answer to the counterclaim, a stipulation of facts, and affidavit and depositions. The amended complaint prayed that the court declare Hartford’s rights and obligations under the policy. The amended counterclaim asked that the court declare that the Pernases were entitled to uninsured motorist coverage under the policies or in the alternative that they be granted a trial for damages for Hartford’s negligence in failing to provide uninsured motorist coverage as requested. The Pernases moved for summary judgment and both parties submitted memoranda of law. The trial judge rendered judgment for Hartford holding there was no uninsured motorist coverage available to the Pernas children based on the stipulated facts and the insurance policies. This appeal is taken from that final judgment.
The record reflects that there is ample evidence to support the trial judge’s findings of fact and conclusions of law. Therefore, the declaratory final judgment denying coverage is affirmed. However, we do> not consider the declaratory final judgment to have adjudicated the defendants’ counterclaim against plaintiff Hartford for damages for negligence. The final judgment orders “that the Pernases be permanently enjoined from prosecuting any claims for insurance coverage against Hartford . . .”, but is silent as to claims for damages for negligence.
Affirmed.